IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

JULIE ROBINSON,
Plaintiff,                                            Case No.:

v.

BOARD OF TRUSTEES,
ST. PETERSBURG COLLEGE,
Defendant.
_____/

## COMPLAINT

Plaintiff, JULIE ROBINSON ("Plaintiff"), by and through her undersigned

counsel, hereby files this Complaint against Defendant, BOARD OF TRUSTEES,

ST. PETERSBURG COLLEGE ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $50,000, exclusive of

interest, costs, and attorneys' fees.

2.      This Court has jurisdiction over this matter pursuant to Section

26.012, Florida Statutes.

3.      Venue is proper in Pinellas County, Florida, pursuant to Section

47.011, Florida Statutes, as the cause of action accrued in Pinellas County, and

Defendant maintains a substantial presence in Pinellas County.

4.    Plaintiff files this suit within 180 days of the adverse employment action made against her.[1]

## PARTIES

5.    Plaintiff, JULIE ROBINSON, is a natural person residing in Pinellas County, Florida.

6.    Defendant, ST. PETERSBURG COLLEGE, is a state college and part of the Florida College System, with its principal place of business located at 600 East Klosterman Road, Tarpon Springs, FL 34689.

## GENERAL ALLEGATIONS

7.    Plaintiff was employed by Defendant as the Accessibility 504 Coordinator.

8.    Defendant is a recipient of both state and federal funds to conduct its activities.

9.    During her employment, Plaintiff repeatedly reported to her supervisory officials, both verbally and in writing, that Defendant was in non-

---

[1] In an effort to comply with Fla. Stat. 112.3187(8)(b) Plaintiff initiated a whistleblower complaint to Defendant for investigation and determination pursuant to its policies. However, since being informed that the complaint was being investigated, Plaintiff has heard nothing from Defendant. Plaintiff files this Complaint out of an abundance of caution to timely preserve her rights. Further, Plaintiff is raising claims of disability discrimination which are currently being investigated by the EEOC, Plaintiff anticipates amending her Complaint to add in those claims after the EEOC completes its investigation.

compliance with federal disability laws, including the Rehabilitation Act and the Americans with Disabilities Act (ADA).

10.    Plaintiff reported that Defendant failed to put policies in place to ensure compliance with the Rehabilitation Act, despite being a recipient of Federal Funds.

11.    Plaintiff raised concerns about Defendant's failure to comply with the Individuals with Disabilities Education Act (IDEA) regarding per-child spending allocations.

12.    Plaintiff reported that Defendant did not have an ADA coordinator, despite being legally required to do so.

13.    Plaintiff advocated for disabled students to ensure their rights were not being violated.

14.    Plaintiff reported issues with Defendant's new application not complying with Web Content Accessibility Guidelines (WCAG) 2.0 and Section 504 of the Rehabilitation Act.

15.    Plaintiff raised concerns about Defendant's lack of an accessibility plan for disabled students during emergency situations, which is required for compliance with the ADA.

16.    These concerns were repeatedly reported to Defendant in writing, including, but not limited to, on the following dates: February 20 2024, February

27, 2024, and January 30, 2024. Plaintiff made additional complaints about these issues dating back as far as 2022.

17.    Plaintiff's reports of legal violations were met with indifference and contempt by Defendant.

18.    Plaintiff was repeatedly told that ADA compliance was not her responsibility and that she should not worry about it.

19.    In response to Plaintiff's reports, Defendant retaliated against her by reprimanding her based on the alleged tone of her emails, without providing specific examples when requested.

20.    Plaintiff's supervisor informed her that top leadership at the college and legal department were concerned about her involvement in compliance issues.

21.    On or about May 2, 2024, Defendant informed Plaintiff that her contract would not be renewed and suspended her until the expiration of her contract.

22.    Plaintiff has been made to retain the services of the undersigned and Defendant should be made to pay Plaintiff's Attorney Fee's under the applicable statutes.

## COUNT I: VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT

23.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24.    This is an action against Defendant for violation of Florida's Public Whistleblower Act, Section 112.3187, Florida Statutes.

25.    Plaintiff engaged in protected activity under Section 112.3187, Florida Statutes, by disclosing to her supervisory officials violations or suspected violations of federal, state, and local laws, rules, and regulations.

26.    Plaintiff's disclosures were made in good faith and were supported by reasonable cause to believe that Defendant was in violation of laws, rules, and regulations.

27.    As a direct and proximate result of Plaintiff's protected disclosures, Defendant took retaliatory personnel action against Plaintiff, including but not limited to:

a. Reprimanding Plaintiff based on the alleged tone of her emails;

b. Failing to renew Plaintiff's contract; and

c. Suspending Plaintiff until the expiration of her contract.

28.    Defendant's actions constitute a violation of Section 112.3187, Florida Statutes.

29.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, benefits, and other remuneration, as well as emotional distress, mental anguish, loss of dignity, and other intangible injuries.

WHEREFORE, Plaintiff, JULIE ROBINSON, respectfully requests that this

Court enter judgment in her favor and against Defendant, ST. PETERSBURG

COLLEGE, and award the following relief:

a. Back pay and benefits;
b.  Reinstatement to the same or an equivalent position, or front pay in lieu of reinstatement;
c. Compensatory damages;
d. Injunctive relief prohibiting further retaliation;
e. Reasonable attorneys' fees and costs; and
f. Such other relief as the Court deems just and proper.

Plaintiff hereby requests a trial by jury.

 Respectfully submitted this 14th day of October, 2024.

<div style="margin-left:40%">

/s/ Kevin C. Kostelnik

KEVIN C. KOSTELNIK
Florida Bar No.: 0118763
TIFFANY R. CRUZ
Florida Bar No.: 090986
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
kera@tiffanycruzlaw.com
parker@tiffanycruzlaw.com

**CRUZ LAW FIRM, P.A.**
325 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838

*ATTORNEYS FOR PLAINTIFF*

</div>

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

JULIE ROBINSON,
Plaintiff,                                    Case No.: 24-004502-CI

v.

BOARD OF TRUSTEES,
ST. PETERSBURG COLLEGE,
Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, JULIE ROBINSON ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, BOARD OF TRUSTEES, ST. PETERSBURG COLLEGE ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1.    This is an action for damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees.

2.    This Court has jurisdiction over this matter pursuant to section 26.012, Florida Statutes.

3.    Venue is proper in Pinellas County, Florida, pursuant to Section 47.011, Florida Statutes, as the cause of action accrued in

Pinellas County, and Defendant maintains a substantial presence in Pinellas County.

4.    This suit is being brought under Fla. Stat. 112.3187, Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), 29 U.S.C § 794 (Rehabilitation Act), the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

5.    Plaintiff filed her initial complaint within 180 days of the adverse employment action made against her. This amended complaint was timely filed after Plaintiff received her Right to Sue from the EEOC.

## **PARTIES**

6.    Plaintiff, JULIE ROBINSON, is a natural person residing in Pinellas County, Florida.

7.    Defendant, ST. PETERSBURG COLLEGE, is a state college and part of the Florida College System, with its principal place of business located at 600 East Klosterman Road, Tarpon Springs, FL 34689.

## **GENERAL ALLEGATIONS**

8.    Plaintiff was employed by Defendant as the Accessibility 504 Coordinator.

9.    Defendant is a recipient of both state and federal funds to conduct its activities.

10.    During her employment, Plaintiff repeatedly reported to her supervisory officials, both verbally and in writing, that Defendant was in non-compliance with federal disability laws, including the Rehabilitation Act and the Americans with Disabilities Act (ADA).

11.    Plaintiff reported that Defendant failed to put policies in place to ensure compliance with the Rehabilitation Act, despite being a recipient of Federal Funds.

12.    Plaintiff raised concerns about Defendant's failure to comply with the Individuals with Disabilities Education Act (IDEA) regarding per-child spending allocations.

13.    Plaintiff reported that Defendant did not have an ADA coordinator, despite being legally required to do so.

14.    Plaintiff advocated for disabled students to ensure their rights were not being violated.

15.    Plaintiff reported issues with Defendant's new application not complying with Web Content Accessibility Guidelines (WCAG) 2.0 and Section 504 of the Rehabilitation Act.

16.    Plaintiff raised concerns about Defendant's lack of an accessibility plan for disabled students during emergency situations, which is required for compliance with the ADA.

17.    These concerns were repeatedly reported to Defendant in writing, including, but not limited to, on the following dates: February 20, 2024, February 27, 2024, and January 30, 2024. Plaintiff made additional complaints about these issues dating back as far as 2022.

18.    Plaintiff's reports of legal violations were met with indifference and contempt by Defendant.

19.    Plaintiff was repeatedly told that ADA compliance was not her responsibility and that she should not worry about it.

20.    In response to Plaintiff's reports, Defendant retaliated against her by reprimanding her based on the alleged tone of her emails, without providing specific examples when requested.

21.    Plaintiff's supervisor informed her that top leadership at the college and legal department were concerned about her involvement in compliance issues.

22.   On or about May 2, 2024, Defendant informed Plaintiff that her contract would not be renewed and suspended her until the expiration of her contract.

23.   Additionally, Plaintiff suffers from Post Traumatic Stress Disorder and Autism Spectrum Disorder (formerly known as Aspergers).

24.   Plaintiff's supervisor informed her that some people at work had issues with the tone of her emails, although he did not see an issue with them.

25.   Plaintiff informed her supervisor that this "tone" misunderstanding may be due to her disabilities.

26.   In February, 2024, Plaintiff met with her supervisor to request accommodations related to her disability.

27.   These accommodations included, having her supervisor review some of her correspondence that she sent to faculty to avoid any tone issues; a chance for her to speak to the colleagues who felt her tone was inappropriate to explain her disability and clear up any issues about her communications; that she be provided written notice about any meetings related to her performance, job duties, or concerns and that she be given a written summary of the issues

(which would allow her time to process the information presented to her), that her office be moved to an empty office in the front of her building to cut down on noise distractions while she was meeting with students.

28.    Despite these requests, with the exception of partial compliance with the request that the supervisor review her correspondence, none of these requests were formally implemented and Defendant did not offer alternatives accommodations.

29.    In fact, Plaintiff's supervisor discouraged her from reaching out to Human Resources about the accommodations.

30.    Plaintiff has been made to retain the services of the undersigned and Defendant should be made to pay Plaintiff's Attorney Fee's under the applicable statutes.

## COUNT I: VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT

31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32.    This is an action against Defendant for violation of Florida's Public Whistleblower Act, section 112.3187, Florida Statutes.

33.   Plaintiff engaged in protected activity under section 112.3187, Florida Statutes, by disclosing to her supervisory officials violations or suspected violations of federal, state, and local laws, rules, and regulations.

34.   Plaintiff's disclosures were made in good faith and were supported by reasonable cause to believe that Defendant was in violation of laws, rules, and regulations.

35.   As a direct and proximate result of Plaintiff's protected disclosures, Defendant took retaliatory personnel action against Plaintiff, including but not limited to:

   a. Reprimanding Plaintiff based on the alleged tone of her emails;

   b. Failing to renew Plaintiff's contract; and

   c. Suspending Plaintiff until the expiration of her contract.

36.   Defendant's actions constitute a violation of Section 112.3187, Florida Statutes.

37.   As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, benefits, and other remuneration, as well as emotional

distress, mental anguish, loss of dignity, and other intangible injuries.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

38.    Paragraphs 1-30 are hereby re-alleged and reincorporated as if set forth in full herein.

39.    This is an action against Defendant for disability discrimination brought under the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

40.    Plaintiff has a known disability that required a reasonable accommodation.

41.    Defendant knew of Plaintiff's need for a reasonable accommodation.

42.    Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of Plaintiff's federally protected rights.

43.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering,

along with lost wages, interest on pay, and other benefits. These damages are permanent and continuing.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

44.    Paragraphs 1-30 are hereby re-alleged and reincorporated as if set forth in full herein.

45.    This is an action against Defendant for disability discrimination brought under the Rehabilitation Act, 29 U.S.C § 794 et seq.

46.    Plaintiff has been the victim of discrimination on the basis of her disability in that Defendant has failed to accommodate her.

47.    Defendant knew of Plaintiff's need for a reasonable accommodation and that failure to provide such an accommodation was in violation of Plaintiff's federally protected rights.

48.    Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation and suspended her until the expiration of her contract.

49.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering,

along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages are permanent and continuing.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

50.    Paragraphs 1-30 are re-alleged and incorporated herein by reference.

51.    This is an action against Defendant for disability discrimination brought under The Florida Civil Rights Act, section 760.10, Florida Statutes.

52.    Plaintiff has been the victim of discrimination on the basis of her disability and Defendant's refusal to accommodate Plaintiff.

53.    Defendant is liable for this discrimination against Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

54.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering,

along with lost back and front pay, interest on pay, and other benefits. These damages are permanent and continuing.

## COUNT V: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

55.    Paragraphs 1-30 are hereby re-alleged and reincorporated as if set forth in full herein.

56.    This is an action against Defendant for retaliation brought under the ADA and the ADAA.

57.    Defendant is an employer as that term is used under the applicable statutes referenced above.

58.    Plaintiff has a known disability that required a reasonable accommodation.

59.    Plaintiff requested reasonable accommodations under the ADA and the ADAA.

60.    Moreover, Plaintiff repeatedly reported to her supervisory officials that Defendant was not in compliance with the ADA and ADAA.

61.    As a direct and proximate result of Plaintiff's protected expressions, Defendant took retaliatory actions against Plaintiff, including but not limited to:

a. Reprimanding Plaintiff based on the alleged tone of her emails;

b. Failing to renew Plaintiff's contract; and

c. Suspending Plaintiff until the expiration of her contract.

62.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages are permanent and continuing.

## COUNT VI: RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

63.   Paragraphs 1-30 are reincorporated as though fully realigned herein.

64.   Plaintiff is a member of a protected class within the meaning of the applicable law because she engaged in protected activity, by requesting a reasonable accommodation, filing a charge of discrimination, and reporting Defendant's non-compliance with disability laws.

65.   As a direct and proximate result of Plaintiff's protected expressions, Defendant took retaliatory personnel actions against Plaintiff, including but not limited to:

a. Reprimanding Plaintiff based on the alleged tone of her emails;

b. Failing to renew Plaintiff's contract; and

c. Suspending Plaintiff until the expiration of her contract.

66.   These unlawful employment actions by Defendant have deprived Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

67.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages are permanent and continuing.  Plaintiff is also entitled to equitable relief.

WHEREFORE, Plaintiff, JULIE ROBINSON, respectfully requests that this Court enter judgment in her favor and against Defendant, ST. PETERSBURG COLLEGE, and award the following relief:

a. Back pay and benefits;
b. Reinstatement to the same or an equivalent position, or front pay in lieu of reinstatement;
c. Compensatory damages;
d. Injunctive relief prohibiting further retaliation;

e. Reasonable attorneys' fees and costs; and

f. Such other relief as the Court deems just and proper.

Plaintiff hereby requests a trial by jury.

Respectfully submitted this 11th day of February, 2025.

/s/ Kevin C. Kostelnik
KEVIN C. KOSTELNIK
Florida Bar No.: 0118763
TIFFANY R. CRUZ
Florida Bar No.: 090986
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
kera@tiffanycruzlaw.com
parker@tiffanycruzlaw.com

**CRUZ LAW FIRM, P.A.**
325 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838

*ATTORNEYS FOR PLAINTIFF*

Case 8:25-cv-01419-MSS-NHA    Document 1-1    Filed 06/02/25    Page 21 of 21 PageID 25

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

JULIE ROBINSON,
Plaintiff,                                     Case No.: 24-004502-CI

v.

BOARD OF TRUSTEES,
ST. PETERSBURG COLLEGE,
Defendant.
_____/

## **<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

 YOU ARE COMMANDED to serve this summons and a copy of the amended complaint or petition in this action on Defendant:

Board of Trustees, St. Petersburg College
SPC Downtown Center
244 Second Avenue North
St. Petersburg, FL 33701

 Each defendant is required to serve written defenses to the amended complaint or petition on **Kevin C. Kostelnik**, Plaintiff's attorney, whose address is **Cruz Law Firm, P.A., 325 N. Calhoun Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

 DATED on this _____ day of __MAY 12 2025_____, 2025.

CLERK OF THE CIRCUIT COURT

By: _____



KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

***ELECTRONICALLY FILED 05/12/2025 03:35:52 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***